JUSTICE McKINNON,
dissenting.
¶24 I dissent from our conclusion that Gazelka has established standing. The standing arguments now adopted by the Court are not those raised or briefed by Gazelka, and consequently, she has not alleged facts that would allow her to prevail under the theory advanced by the Court.
¶25 The Court correctly notes that it need not be demonstrated in every equal protection case that the disadvantaged party would have actually received the benefit sought. Opinion, ¶ 14. Rather, the disadvantaged party must demonstrate that he or she was deprived of the equal opportunity to pursue or apply for the benefit. Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, 508 U.S. 656, 666, 113 S. Ct. 2297, 2303 (1993). The benefit afforded insurers and their customers under the PPA statutes is the opportunity to enter into agreements with providers relating to the amounts an insured may be charged for services. Section 33-22-1704, MCA. To demonstrate that the PPA statutes violate equal protection, Gazelka must demonstrate that she has been deprived of this benefit.
¶26 Gazelka’s standing arguments before the District Court and on appeal are premised on the idea that she was injured by paying a higher rate for health care services, not that she was injured by being excluded from the opportunity to negotiate with the Hospital for lower rates. Indeed, the facts appear to demonstrate that Gazelka was offered, and took advantage of, financial assistance which reduced her *149 unpaid bills by half. Thus, just as a patient covered by a PPA insurer receives a bill for one amount, which is then, pursuant to the PPA, satisfied by payment of a lesser amount, Gazelka received a bill for one amount, which was then, pursuant to the financial assistance program, satisfied by payment of a lesser amount. She has not demonstrated that she was deprived of the opportunity to pursue an agreement relating to the amount charged for services rendered.
¶27 The underlying aim of this litigation is to demonstrate that PPAs, while favorable to the insured, lead to the undesirable — one might even argue perverse — result that the uninsured and often indigent are required to pay more for health care. While Gazelka’s ultimate goal in this litigation may be an attempt to highlight the structural and systemic problems of our health care system, both in Montana and nationally, the judiciary is not the appropriate forum for such a statement. Rather, the problem, which is worth addressing, is best left to the political branches of government. This Court would be wise to apply well-established principles of standing and resist the urge to transgress into an area best left to the Montana Legislature. For the foregoing reasons, I dissent.